UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANIBAL PIRIS, <br><br>　　　　Plaintiff, <br><br>v. <br><br>HARRIS & HARRIS, LTD., <br><br>　　　　Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:20-cv-00095 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ANIBAL PIRIS ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of HARRIS & HARRIS, LTD. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

### PARTIES

1

4. Plaintiff is a consumer over-the-age of 18 and a "person," as defined by 47 U.S.C. § 153(39), residing in Lafayette, Indiana, which lies within the Northern District of Indiana.

5. Defendant is a third party debt collector operating out of Chicago, Illinois. Defendant is a limited company incorporated under the laws of the state of Illinois with its principal place of business located at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant actions arises out of Defendant's attempts to collect upon a consumer debt ("subject debt") said to be owed by Plaintiff.

9. The subject debt stems from Plaintiff's purported past due payments on medical bills he incurred in connection with receiving emergency medical services.

10. Beginning in approximately the late summer/early fall of 2020, Plaintiff began receiving calls to his cellular phone, (347) XXX-7548, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7548. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (312) 574-1806, (312) 893-4804, (312) 380-4033.

13. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

14. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

15. Plaintiff informed Defendant that he believed he had already paid the subject debt, and thus demanded that Defendant cease contacting him.

16. Despite Plaintiff's demands, Defendant has continued to place collection calls to Plaintiff's cellular phone through the filing of the instant action.

17. For example, Defendant placed five (5) calls to Plaintiff's cellular phone on December 1, 2020.

18. Plaintiff has received at least 20 phone calls from Defendant since asking it to stop calling.

19. Frustrated over Defendant's continued conduct, Plaintiff spoke with the undersigned attorney regarding his rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 20 times after he demanded that Defendant cease calling him. This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff into submission.

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA §1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

4

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting him, Defendant continued to ceaselessly contact Plaintiff.  Instead of putting an end to this harassing behavior, Defendant systematically placed at least 20 phone calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when it no longer had consent to do so.

### c.  Violations of FDCPA §1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 20 times after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without Plaintiff's permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

35.  As pled in paragraphs 21 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ANIBAL PIRIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 16, 2020    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com